# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| TORIANO A. BLACKMON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV615-078 |
| | ) | CR609-005 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon, Toriano Blackmon moves under 28 U.S.C. § 2255 for resentencing. Doc. 32.[1] Review of both parties' briefing shows that his motion must be denied.

## I. BACKGROUND

On June 23, 2009, Blackmon pled guilty to one count of possession of a firearm by a convicted felon. *See* docs. 21 (change of plea); 24 (judgment). His Presentence Investigation Report (PSI) calculated his base offense level at 24 because of prior convictions for the sale of cocaine

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

and marijuana. *See* PSI ¶ 24; U.S.S.G. § 2K1.1(a)(2). That base level increased by four because he engaged in firearms trafficking. PSI § 15; U.S.S.G. § 2K1.1(b)(5). His criminal history score placed him in category VI (the highest possible) and, when combined with a total offense level of 28, resulted in a Guidelines advisory sentencing range of 140-175 months. PSI ¶ 60. After adopting the PSI (doc. 48 at 4-5), the Court sentenced him to 120 months' imprisonment, the statutory maximum for a felon-in-possession conviction. Doc. 24 (entered October 15, 2009). Because he never appealed, Blackmon's conviction became final on October 29, 2009. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Blackmon filed the present § 2255 motion almost six years after his conviction became final. Doc. 32 (filed July 8, 2015). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), renders his sentence unconstitutional. Doc. 50 at 7. He apparently premises the timeliness of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3); doc 47 at 12.

## II. ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions other than the residual clause.[2] *See, e.g., Johnson*, 135

---

[2] Importantly, the ACCA's "serious drug offense" definition contains no language that even remotely resembles the residual clause language *Johnson* found objectionable. *See* 18 U.S.C. § 924(e)(2)(A). Instead, any "offense under State law, involving manufacturing, distributing, or possessing with intent to distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed," qualifies. *Id.*

3

S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSI makes clear, Blackmon received no enhancement under the ACCA.[3] His base offense increased by four because of two prior drug convictions, PSI ¶ 15, but as his 120 month sentence makes clear, he never suffered the 15 year (180 months) mandatory minimum the ACCA imposes.

With *Johnson* inapplicable, it follows that Blackmon cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock

---

[3] Even if Blackmon had received a Guidelines-recommended (not ACCA) career enhancement, *Johnson* would still be inapplicable. *See United States v. Matchett*, 802 F.3d 1185, 1189 (11th Cir. 2015) ("We reject Matchett's argument that the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague in . . . light of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The vagueness doctrine applies only to laws that prohibit conduct and fix punishments, not advisory guidelines.").

4

started the day his conviction became final (October 29, 2009). It ran out on October 29, 2010 (he never appealed or sought post-conviction relief before now), so his motion is untimely.

Accordingly, Blackmon's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 26th day of January, 2016.

/s/ M. Smith<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA